UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20244-CIV-ALTONAGA/Torres

JEAN LEE,

    Plaintiff,
v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Magistrate Judge Edwin G. Torres's Report and Recommendation ("Report") [ECF No. 42], entered on August 26, 2022. On January 21, 2021, Plaintiff, Jean Lee filed a Complaint [ECF No. 1] seeking review of the denial of her claims for disability benefits and supplemental security income benefits under the Social Security Act. The Clerk referred the matter to Magistrate Judge Edwin G. Torres for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 2]).

Defendant filed the Administrative Record [ECF No. 22] on September 14, 2021. Plaintiff and Defendant filed Motions for Summary Judgment on February 14, 2022 [ECF No. 33] and March 17, 2022 [ECF No. 38], respectively. Defendant filed a Response to Plaintiff's Motion [ECF No. 39], to which Plaintiff filed a Reply [ECF No. 40]. Plaintiff also filed a Response to Defendant's Motion [ECF No. 41].

The Magistrate Judge recommends that the Court deny Plaintiff's Motion; grant Defendant's Motion; and affirm the decision of the Administrative Law Judge ("ALJ"). (*See generally* Rep.). On September 5, 2022, Plaintiff timely filed her Objections [ECF No. 44] to the

Case No. 21-20244-CIV-ALTONAGA/Torres

Report, to which Defendant filed a Response [ECF No. 45]. For the following reasons, the Report is affirmed and adopted.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Given Plaintiff's Objections, the Court has reviewed the Report *de novo*.

Plaintiff seeks Social Security Disability Insurance and Supplemental Security Income benefits for a series of alleged restrictions. (*See* Pl.'s Mot. 1).[1] The ALJ found that Plaintiff has "osteoarthritis, degenerative changes of the lumbar spine, major depressive disorder; generalized anxiety disorder, and panic disorder without agoraphobia" but nonetheless concluded she is not disabled under sections 216(i) and 223(d) of the Social Security Act and denied her claim. (Admin. R. 22, 34). Plaintiff raised five arguments in seeking reversal of the ALJ's decision (*see* Pl.'s Mot. 1–2), all of which the Magistrate Judge rejected (*see* Rep. 3). The Court addresses each in turn.

First, Plaintiff argued that the Appeals Council ("AC") failed to properly consider two new pieces of evidence that Plaintiff submitted after the ALJ's decision. (*See* Pl.'s Mot. 9). The AC reviews ALJ decisions when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). It must "consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). The AC cannot simply "perfunctorily adhere[] to the ALJ's decision[,]" but "nothing" requires it "to provide a detailed discussion of a claimant's new evidence when denying a request for review."

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

*Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014) (alterations added).

Plaintiff submitted addenda "to the Sworn Statement from Mrs. Lee's treating psychiatrist, Dr. Valdivia, and medical source statement and mental capacities evaluation from her treating therapist, Mr. Jeffrey Miller[.]" (Pl.'s Mot. 9 (alteration added; citation omitted)). Both documents state that Plaintiff's medical condition has been "the same" for several years. (Rep. 9 (citations omitted)). The AC did not find there was a reasonable probability that the new evidence would have changed the ALJ's decision. (*See* Admin. R. 8).

Plaintiff seems to contend that the ALJ's decision depended on her initially proffered medical source statements not corresponding with the onset of her alleged disability. (*See* Pl.'s Mot. 10–12). This would be significant because "[s]ocial security law requires a continuous period of disability of 12 months for a claimant to be found disabled." *Falcon v. Heckler*, 732 F.2d 827, 830 (11th Cir. 1984) (alteration added; citing 20 C.F.R § 404.1505(a)). Plaintiff insists that if the AC had considered evidence that her condition had persisted for more than 12 months, it would have found that Plaintiff was disabled. (*See* Pl.'s Mot. 10–12).

This argument does not persuade. The record already contained evidence that Dr. Valdivia and Mr. Miller thought Plaintiff's condition had lasted for longer than 12 continuous months when the ALJ issued the initial decision. (*See, e.g.*, Admin. R. 503, 516). That renders the subsequent Valdivia and Miller addenda cumulative. *See Cabrera v. Colvin*, No. 14-cv-23071, 2015 WL 11202374, at *8 (S.D. Fla. Aug. 24, 2015) ("Indeed, the additional records appear to be cumulative and related to previous treatment notes that were already considered by the ALJ."). Cumulative subsequent evidence is not "new" and does not warrant reversal. *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (citation omitted).

Second, Plaintiff argued that the ALJ failed to find Dr. Valdivia and Mr. Miller's medical

3

opinions persuasive because he did not "properly assess" them under new federal regulations. (Pl.'s Mot. 12). Claims filed after March 27, 2017 are governed by 20 C.F.R. section 404.1520c. Under the new regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Id.* § 404.1520c(a) (alteration added).

Rather, the five factors listed in section 404.1520c(c) control. These include (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *See id.* § 404.1520c(c). The ALJ need only explain how he or she considered the first two, "which are the most important factors." *Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) (citing 20 C.F.R. § 404.1520c(b)(2)). The other three are optional. *See id.*

The first factor, supportability, provides that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). The second, consistency, states that the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). These factors cut against Dr. Valdivia and Miller's opinions.

Beginning with Dr. Valdivia, the ALJ concluded his opinion was "not persuasive" because it was neither "supported by his treatment notes" nor "[]consistent with the evidence of record as a whole." (Admin. R. 32 (alteration added)). Dr. Valdivia opined that Plaintiff had

"marked limitations" when it came to remembering information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself (*id*. 30, 514–15); and poor limitations when it came to performing the activities of daily living, using judgment, achieving quantity and quality goals, responding to time limits in a work situation, performing work requiring regular contact with others, relating appropriately to supervisors and coworkers, relating appropriately to the public, and maintaining socially appropriate behavior and adherence to basic standards of neatness and cleanliness (*see id*. 31, 522–23). He also estimated that she would miss between 70 to 100 percent of work each month due to her condition. (*See id*. 524).

The ALJ found these opinions were unsupported by — and inconsistent with — the record. Dr. Valdivia's mental status evaluations, conducted over the course of a year, documented that Plaintiff possessed "intact thought processes, normal thought content, mostly intact memory, and fair judgment and fair sleep." (*Id*. 32, 424–427, 436–441, 486–491). The stark contrast between Dr. Valdivia's notes and his proffered opinion undermines his credibility and is precisely the sort of inconsistency that renders a medical opinion unpersuasive. *See, e.g.*, *Alia D. v. Kijakazi*, No. 21-cv-366, 2022 WL 3718600, at *12 (D. Minn. July 27, 2022) (concluding that an ALJ properly rejected a therapist's opinion that contradicted her own treatment notes); *Catherine R. v. Comm'r, Soc. Sec. Admin.*, No. 1:20-cv-01503, 2021 WL 5235543, at *7 (D. Or. Nov. 10, 2021) (concluding that an ALJ properly rejected a doctor's opinion that a claimant was unable to walk a city block without rest because the doctor's own notes revealed that the claimant had a normal gait and a normal range of motion in her joints).

Further belying Dr. Valdivia's opinion are the reports of Dr. Linda Bach, Plaintiff's primary care physician. Dr. Bach reported that Plaintiff's memory was "normal" (Admin. R.

378, 381); and that she did not suffer from sleep disturbances, depression, or anxiety (*see id*. 374–381).

The ALJ also considered that Drs. Damarys Sanchez and Michelle Butler, state agency psychological consultants who observed Plaintiff, both submitted evidence inconsistent with Dr. Valdivia's opinion. (*See* Admin. R. 29). Dr. Sanchez noted that while Plaintiff had certain limitations, particularly concerning her ability to understand, remember, and apply information, interact with others, concentrate, persist, or maintain pace, and manage herself; these limitations were "moderate[.]" (*Id*. (alteration added). They did not impede basic job functions like understanding; remembering; following instructions; maintaining concentration; and interacting with the public, staff, and management. (*See id*.).

Dr. Butler's observations were similar. She found that Plaintiff had some moderate limitations but nonetheless was capable of understanding, remembering, and carrying out simple instructions; working within a schedule; and cooperating and interacting with coworkers. (*See id*.). She concluded that Plaintiff would be able to function in a stable work environment. (*See id*. 30).

After considering Dr. Bach's, Dr. Sanchez's, and Dr. Butler's findings, the ALJ determined that Dr. Valdivia's opinion was inconsistent with the record. (*See id*. 28–30). Because his opinion lacked support in the record and ran counter to his own notes, as well as three other doctors' observations, the ALJ did not err in concluding that Dr. Valdivia's opinion lacked support and credibility.

The ALJ also deemed Mr. Miller's opinion unpersuasive. (*See id*. 30–31). Miller opined that Plaintiff "experienced fear, helplessness, panic attacks, and intrusive memories[;]" had "persistent, irrational fears of interacting with colleagues and clients, which resulted in her

avoiding critical interpersonal communications and job duties[;]" and suffered from a "level of distress [that] impeded her cognition and concentration to a degree that precluded her ability to meet the demands of her work in a satisfactory, timely manner." (Admin. R. 26–27 (alterations added)). It was difficult for the ALJ to evaluate any of these assertions, however, for the record contained none of Miller's treatment notes.[2] (*See id*. 31). Moreover, Miller's proffered opinions clashed with Dr. Valdivia's notes; as well as the findings of Drs. Bach, Sanchez, and Butler. (*See id*. 28–30, 378–381, 424–427, 436–441, 486–491). The ALJ discussed these inconsistencies, as well as the absence of record support for Miller's opinions. (*See id*. 31).

The Magistrate Judge affirmed the ALJ's findings and rejected "Plaintiff's contention that the ALJ's decision to give little weight to the opinions of Dr. Valdivia and Mr. Miller was not supported by substantive evidence." (Rep. 19). The Objections place far too much emphasis on the Magistrate Judge's use of the word "weight" here. (*See* Obj. 4). Under the new regulations, the ALJ may no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," but must instead evaluate opinions under the section 404.1520c(c) factors. 20 C.F.R. § 404.1520c(a). Plaintiff asserts that the Report's "references to weighing the opinion evidence clearly shows the magistrate judge made evaluations under the old rules and failed to follow the new rules." (Obj. 4).

This attempt at a syntactic "gotcha" conflates the Magistrate Judge's correct evaluation of Dr. Valdivia and Miller's opinions under section 404.1520c(c) with the now-outdated practice of

---

[2] Plaintiff complains that HIPAA requirements forbade Miller from releasing his treatment notes, and the ALJ erred by not subpoenaing them. (*See* Pl.'s Mot. 26). This wound is self-inflicted, however. At a hearing, the ALJ specifically asked Plaintiff's counsel whether Plaintiff had any objections to the record, to which counsel replied, "I have no objections and the record is complete." (Admin. R. 44). That said, it matters little whether Miller's notes made the record. Drs. Valdivia, Bach, Sanchez, and Butler generated "sufficient evidence for the administrative law judge to make an informed decision." *Hamby v. Soc. Sec. Admin., Comm'r*, 480 F. App'x 548, 550 (11th Cir. 2012) (citation and quotation marks omitted).

assigning medical opinions weight, as described in section 404.1520c(a). The Magistrate Judge's analysis is not flawed simply by virtue of having used the word "weight" as a substitute for "persuasiveness." Other courts have also used "weight" when evaluating the supportability and consistency factors under the new regulations. *See, e.g.*, *Matos*, 2022 WL 97144, at \*5 (observing that two doctors' medical opinions "merited considerable weight"). The Court agrees with the Report: the ALJ properly applied the first two section 404.1520c(c) factors and did not err when it rejected Dr. Valdivia and Miller's opinions.

Third, Plaintiff argued that the ALJ improperly evaluated Plaintiff's Residual Functional Capacity ("RFC"). (*See* Pl.'s Mot. 30). The five-step process of 20 C.F.R. section 404.1520(a)(4) is used to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Vangile v. Comm'r, Soc. Sec. Admin.*, 695 F. App'x 510, 513 (11th Cir. 2017) (citation omitted).

Plaintiff's third argument goes to the last two steps. Whether a claimant has the RFC to perform past work — and whether obtainable alternative jobs exist — are not questions for doctors, but for the Commissioner. *See Langley v. Astrue*, 777 F. Supp. 2d 1250, 1258 (N.D. Ala. 2011).

RFC assessment is a two-step process. The first step is identifying the claimant's "functional limitations or restrictions" and assessing "her work-related abilities on a function by function basis." *Freeman v. Barnhart*, 220 F. App'x 957, 959 (11th Cir. 2007) (alteration

adopted; citation and quotation marks omitted). The second is expressing the claimant's RFC "in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id*. (citation and quotation marks omitted).

The ALJ should state the "weight accorded to each item of evidence and the reasons for the decision[.]" *Id*. at 959–60 (alteration added; citation omitted). That said, the ALJ need not "specifically refer to every piece of evidence in his decision, so long as the decision is sufficient to allow [a reviewing court] to conclude that the ALJ considered the claimant's medical condition as a whole." *Castel v. Astrue*, 355 F. App'x 260, 263 (11th Cir. 2009) (alteration added; citation and quotation marks omitted). A reviewing court need only find that the ALJ's decision was "supported by substantial evidence[.]" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (alteration added; citation and quotation marks omitted).

Here, the ALJ considered extensive medical evidence when evaluating Plaintiff's physical and mental limitations. As to the physical, he considered notes by Dr. Bach that stated Plaintiff "had normal gait and station, normal motor strength and tone, normal movement of her extremities, normal . . . deep tendon reflexes, and intact sensation[;]" nurse practitioner Jose-Rodriguez-Leiva's statements that Plaintiff "had normal active and passive ranges of motion of the bilateral wrists and fingers[;]" and Dr. Jonathan Scott Cross's report of "normal sensation and normal (5/5) strength except for some APB weakness" in Plaintiff's right hand. (Admin. R. 27–28 (citations omitted)). As to mental limitations, the ALJ considered Dr. Valdivia's treatment notes, which stated that Plaintiff possessed "intact thought processes, normal thought content, mostly intact memory, and fair judgment and fair sleep." (*Id*. 32, 424–427, 436–441, 486–491). He also considered Dr. Bach's, Dr. Sanchez's, and Dr. Butler's reports, which acknowledged some limitations but nonetheless indicated that Plaintiff could operate in a stable

work environment. (*See id*. 29–30, 32).

After considering the record, including medical evidence, the ALJ concluded that Plaintiff has the RFC "to perform medium work[.]" (*Id*. 25 (alteration added)). This conclusion is "supported by substantial evidence," which suffices. *Richardson*, 402 U.S. at 401 (citation and quotation marks omitted).

Plaintiff nonetheless asserted that the ALJ erred by failing to include any limitations accounting for Plaintiff's subjective reports of "severe and non-severe physical impairments" in his RFC, and in not including these reports in the hypothetical questions he posed to the Vocational Expert ("VE") at the administrative hearing. (Pl.'s Mot. 31). Ordinarily, the VE's testimony will not "constitute substantial evidence" unless the ALJ poses questions that comprise "all of the claimant's impairments[.]" *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (alteration added; citations omitted). But this requirement does not apply to purported impairments that the ALJ properly casts aside as unsupported. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). As discussed, the extreme limitations described in Dr. Valdivia's and Miller's opinions, which form the basis of this argument, find no support in the record. The ALJ thus had no obligation to raise it.

Fourth, Plaintiff argued that the ALJ's findings are "not consistent with the record of evidence." (Pl.'s Mot. 42). This argument is redundant. The ALJ's findings are consistent with Dr. Valdivia's notes; as well as reports of Bach, Sanchez, Butler, Cross, and Rodriguez-Leiva — all of which the ALJ considered. (*Id*. 27–30, 32, 424–427, 436–441, 486–491). That Dr. Valdivia's and Miller's opinions, which lack evidentiary support and do not comport with the record, may suggest otherwise does not undermine the ALJ's conclusion.

Finally, Plaintiff asserted that the ALJ erred in finding that Plaintiff "did not meet the

Listings of Impairments 12.04 and 12.06." (Pl.'s Mot. 46). Step three of the five-step process concerns whether the Plaintiff's impairment "meets or equals the severity of the specified impairments in the Listing of Impairments[.]" *Vangile*, 695 F. App'x at 513 (alteration added; citation omitted). If it does, "disability is automatically established." *Wilbon v. Comm'r of Soc. Sec.*, 181 F. App'x 826, 827 (11th Cir. 2006) (citation omitted).

Specified impairments are defined in terms of "specific criteria" and do not apply unless a claimant submits "medical reports documenting that her condition meets" *each* specified criterion. *Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 845 (11th Cir. 2017) (citation omitted). "Some" or "most" will not suffice. "An impairment that manifests only some of the criteria, no matter how severely, does not qualify." *Id*. (alteration adopted; citation omitted).

Plaintiff contended that she meets the criteria for Listing 12.04, Depressive, Bipolar and related disorders; and Listing 12.06, Anxiety and Obsessive-Compulsive disorders. (*See* Pl.'s Mot. 46 n.33 (citations omitted). She does not.

Listings 12.04 and 12.06 require Plaintiff to demonstrate either an extreme limitation in one, or a marked limitation in two, of the following areas of mental functioning: understanding, remembering, or applying information; interacting with others, concentrating, persisting, or maintaining pace; and adapting or managing oneself. *See* 20 C.F.R. pt. 404, Subpart P, app. 1, §§ 12.04B, 12.06B. Plaintiff insisted that she has. (*See* Pl.'s Mot. 46–49).

This assertion is premised on Dr. Valdivia's opinion. (*See* Pl.'s Mot. 46–49). Plaintiff bears the burden of proving she meets a Listing's criteria. *See Garcia v. Comm'r of Soc. Sec.*, 833 F. App'x 303, 307 (11th Cir. 2020). This burden is not met by reliance on an opinion that lacks both supportability and consistency.

The ALJ concluded that Plaintiff had only moderate limitations. (*See* Admin. R. 7). In

11

so finding, he relied on medical opinions in the record, which constitute substantive evidence. *See Dogua v. Comm'r of Soc. Sec. Admin.*, No. 6:21-cv-00138, 2022 WL 368316, at *8 (W.D. La. Jan. 25, 2022), *report and recommendation adopted*, No. 6:21-cv-00138, 2022 WL 374275 (W.D. La. Feb. 7, 2022). The ALJ thus did not err in finding that Plaintiff did not demonstrate sufficient limitations to meet Listings 12.04 or 12.06.

Plaintiff objects to the Magistrate Judge's conclusions that (1) the AC properly considered Plaintiff's new evidence, the addenda from Dr. Valdivia and Mr. Miller; (2) the ALJ properly assessed Dr. Valdivia and Mr. Miller's medical opinion evidence; (3) the ALJ's RFC assessment and his hypothetical questions to the vocation expert were proper; (4) the ALJ's findings were supported by substantial evidence; and (5) substantive evidence supported the ALJ's findings that Plaintiff did not meet the Impairment Listings 12.04 and 12.06. (*See* Obj 2). Objections 1, 3, 4, and 5 do not detail Plaintiff's specific objections to the Report and "merely restate[] the arguments previously presented[,]" which "is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (alterations added).

The lone exception is Objection 2, in which Plaintiff objects to the Magistrate Judge's use of the word "weight," which denotes the pre-March 27, 2017 method of assigning evidentiary weight to medical opinions. (*See* Obj. 3–4). As discussed, the Magistrate Judge may have used the word "weight" but nonetheless properly evaluated the ALJ's assessment of Dr. Valdivia and Miller's opinions under section 404.1520c(c)'s five-factor test.

In short, the undersigned fully agrees with the analysis and recommendations contained in the Report. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation **[ECF No. 42]** is

**AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 33]** is **DENIED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 38]** is **GRANTED**.

3. Final judgment shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 13th day of September, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Edwin G. Torres
counsel of record